```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                 DOC #: _____
------------------------------------------ x
SAMUEL J. SMOLEN, JR.,                     :  DATE FILED: February 28, 2013
                                           :
                      Plaintiff,           :
                                           :
        - against -                        :  12 Civ. 1856 (PAC) (AJP)
                                           :
BRIAN FISCHER, Commissioner N.Y.S.         :
Department of Correctional Services; ADA   :
PEREZ, Superintendent Downstate            :
Correctional Facility, and R. NGUYEN,      :  ORDER ADOPTING R&R
                                           :
                      Defendants.          :
                                           :
------------------------------------------ x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Samuel J. Smolen, Jr. ("Smolen") initiated this § 1983 action against Commissioner Brian Fischer ("Fischer"), Superintendent Ada Perez ("Perez"), and Nurse R. Nguyen ("Nguyen") on March 13, 2012. Magistrate Judge Andrew J. Peck issued two Reports and Recommendations[1] (the "R&Rs"): first, on August 23, 2012, he recommended that the Court grant Nguyen's motion to dismiss but deny those of Fischer and Perez (the "MTD R&R"); and, second, on November 27, 2012, he recommended that the Court grant the summary judgment motion of both Perez and Fischer (the "SJ R&R").

Smolen was an inmate at Downstate Correctional Facility ("Downstate") when, on March 10, 2009, the storm window in an adjoining cell caught fire, filling the entire area with smoke. Smolen was unable to open his own window and, as a result of smoke inhalation, has since suffered from breathing difficulties, chest pains, and post-traumatic stress disorder. When help eventually arrived, fifteen to twenty minutes after the fire broke out, Smolen was taken to see Nurse Nguyen, who declined to send Smolen to a hospital and failed to order any tests or

---

[1] All facts are taken from the R&Rs unless otherwise indicated.

recommend follow-up evaluations or treatment.

Smolen alleges that, due to previous fires, Fischer and Perez knew that Downstate's windows were hazardous but were deliberately indifferent to the risk they created, that they failed to insure that the windows could be opened in case of emergency, and that they failed to keep sufficient staff on hand such that no one was available to help Smolen out of his cell when the fire broke out. He also alleges that Nguyen failed to provide adequate medical treatment.

"Prison officials' liability for confinement conditions is governed by the Eighth Amendment and is determined by a two-part test. First, the deprivation alleged must be, objectively, sufficiently serious . . . [and] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind." Jackson v. Goord, 664 F. Supp. 2d 307, 315-16 (S.D.N.Y. 2009) (internal quotations omitted). Initially, Judge Peck recommended denying Fischer and Perez's motion to dismiss because "they could be found to be personally involved in the alleged violations" (MTD R&R at 17) through their "failure to replace Downstate's storm windows with safer windows, despite their knowledge of the hazard from these windows, [which] constituted an unreasonable risk of harm" (id. at 11), and their "disregard[ of] the excessively risky conditions." (Id. at 12.) After the conclusion of the discovery process, however, he recommended granting summary judgment on their behalf, concluding that "[p]rior to March 10, 2009, contrary to Smolen's *ipse dixit*, [Superintendent] Perez was not on notice from any reports that the storm windows could potentially pose a danger to the health and safety of the inmates in the event of a fire" (SJ R&R at 12), and that "even if Commissioner Fischer received every report of fires at Downstate from 2007 until March 10, 2009 – and there is no evidence that he did – he would not have been on notice of any fire hazards from the storm windows." (Id. at 15.)

Additionally, "the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care," which is violated by "deprivations denying the minimal civilized measure of life's necessities" where "the charged official . . . act[ed] with a sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). Alleging that a medical provider was "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, Judge Peck recommended that the Court dismiss the claim against Nguyen because the complaint "do[es] not indicate that Nguyen acted or failed to act while actually aware of a substantial risk that serious inmate harm will result." (R&R at 24.)

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the Court reviews the R&Rs for "clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Finding none, the Court adopts Judge Peck's recommendations.

The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. U.S., 369 U.S. 438 (1962).

Dated: New York, New York
February  , 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Samuel J. Smolen, Jr.
DIN# 85-A-4082
P.O.Box 2000
Pine City, NY 14871-2000